23 C.C.P.A. (Patents)

In re FRIEDLI.

Patent Appeal No. 3662.

Court of Customs and Patent Appeals.

June 8, 1936.

Curt B. Muller, of Cleveland, Ohio, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office. The appellant presented his application to the said office for a patent on certain claimed improvements in "cutting tool appliance." As presented, the application contained several claims. In the Examiner's statement it appears that claims 3, 5, and 8 to 12, inclusive, were the only claims remaining in the case at the time of the rejection of the same by the Examiner. They were rejected by him on the following references: Peterson, 1,352,688, September 14, 1920; Ericson, 1,733,657, October 29, 1929; Larson, 1,344,411, June 22, 1920; Miller, 1,664,083, March 27, 1928.

The Board of Appeals affirmed the decision of the Examiner, and rendered an additional decision, after request for reconsideration.

On April 30, 1935, the final decision of the Board of Appeals was rendered. On May 9, 1935, the attorney for the appellant made a motion for an amendment, by which it was sought to cancel claims 3, 5, 8, 9, 10, and 12, and to amend the language of claim 11, the only remaining claim. It does not appear in the record that any proceedings were had in the Patent Office under rules 68, 139, or 140 of the Patent Office. Rule 68 provides that, after appeal has been taken, amendments canceling claims or presenting those rejected in better form for consideration on appeal may be admitted, and that amendments touching the merits of the application may be admitted upon a duly verified showing of good and sufficient reason why they were not earlier presented.

Rule 140 provides that, if a case has been decided by the Board of Appeals, it will not be reopened except under the provisions of rule 139, without the written authority of the Commissioner, and then only for the consideration of matters not already adjudicated, sufficient cause being shown.

Rule 139 provides that the Board of Appeals may reopen the case for amendment, if new grounds of rejection are set up in the decision of the Board of Appeals.

It is argued by the Solicitor for the Patent Office that the claim appearing in the record on the last page thereof, marked claim 11, and headed "Rejected Claim," is not the claim which was passed upon by the Board of Appeals. It appears that claim 11, as printed in the Examiner's statement, is not the same in verbiage as this so-called rejected claim. The rules of this court provide: "Rule XXVI. 3. In appeals in matters of application for patent, the transcript of the record shall contain, in addition to the other matters of record certified by the Patent Office, separately and at the end of the transcript, under the heading Rejected Claims, a true and correct copy of all rejected claims which are in issue in the appeal, in straight reading matter and without caret or other interlineations."

The transcript of record, as certified to this court by the United States Patent Office, under the hand and seal of the Commissioner of Patents, has attached to it, as provided by said rule XXVI, subdivision 3, the rejected claim which is printed in the transcript and which, as so printed, is as follows: "11. A cutting tool appliance comprising the combination of a body fashioned with a peripheral channel having a uniformly flat wall on the rear side thereof with reference to the intended direction of turning movement, a blade and a locking member having one pair of sides in contact with each other and together having a close mechanical fit in said channel with their other pair of sides in contact with opposed walls of said channel, the apposed sides of said blade and locking member being fashioned with a row of correspondingly shaped projections and recesses and with the projections on each selectively occupying recesses in the other whereby to permit of insertible blade adjustment while always insuring a rigid backing therefor to be free from vibrational displacement in any chosen position

of adjustment of blade and locking member and whereby further to realize a uniformly flat-surfaced area of conforming contact of the rear side of the blade against said body, to produce smooth cuts under heavy feed with lessened cost of manufacture."

Irrespective, therefore, of the fact that the record does not contain any showing that claim 11 was amended, we must presume that proper proceedings were had in the Patent Office by which the amendment was made, and that the claim printed as above is the claim which is now before this court for adjudication, or otherwise the same would not have been so certified.

The nature of appellant's alleged improvement is well explained by the Examiner in the following language: "Applicant's alleged improvement lies in an inserted blade cutter. As shown in Figure 1 of the drawing, the cutter has a body 1 with a blade receiving aperture therein having a bottom wall 2, a rear wall 3 and front wall 4. The cutter rotates in the direction of the arrow. The blade 6 is adapted to fit in the slot and the bottom 7 is adapted to rest on bottom 2 and the rear surface 8 abuts wall 3 of the aperture. The front surface 10 of the blade has serrations 11 thereon. These serrations interact with serrations 14 on a wedge 12 which is adapted to lock the blade in the aperture. The wedge has a flat surface 15 which abuts wall 4 of the aperture. The wedge tapers outwardly and serves to lock the blade in any adjusted position. The blade is adjusted outwardly by means of the serrations. Figures 4–6 merely show alternative means for locking the wedge member in position."

The Examiner rejected claim 11, which, in substance, was the same as amended claim 11 before us, together with others, on Peterson, in view of Ericson or Larson, and this decision was affirmed by the Board of Appeals. The patent to Peterson shows a milling tool with removable blades, which blades may be removed and sharpened, or new ones inserted. The individual blades are secured in place by keys which interlock with the tool holder. A rear abutment is provided which supports each blade against recession in its holder, and there are means in various gradations of position of the blade as it is moved forward for regrinding and repeated use. The cutting blade is locked in position in the body by a wedge. The rear wall of the blade is flat, and the cutting thrust on the blade forces it against a flat rear wall. The wedge of Peterson is placed in front of the blade, is of a tapering structure similar in shape to that of appellant, but has no serrated relation between the blade and wedge.

The patent to Larson shows a cutter with numerous blades in which the blades are placed in the cutter and held by serrated members placed in the same relationship as that of appellant. These wedges do not appear to be tapered as in the appellant's disclosure. However, the specification provides: " * * * It will be obvious that rough adjustments of the cutter member 16 may be had by shifting the cutter member to advance it one serration or conversely to withdraw it one serration. * * *"

The patent to Ericson shows a blade secured by a wedge for locking the blade in the cutter body. Serrations are placed between the wedge and body, the wedge and blade, and the blade and body, and may be used for adjusting the blade in any desired direction. The serrations are both longitudinal and transverse in the members of Ericson's device, while in Larson they are transverse.

It is argued that no one of the references shows all of the elements, but this is not necessary to support a holding of nonpatentability. The appellant has picked from the prior art certain features which are thought by him to be advantageous and useful, and he has combined these to make what is probably an efficient and effective device. We are not convinced, however, that he has done anything that is inventive over the prior art, but has rather combined useful features from the prior art without obtaining any other result than would be obtained by the use of each of these features in its ordinary way.

In view of this, we must agree with the Board of Appeals in its affirmance of the decision of the Examiner. It seems quite obvious to the court that, if an individual skilled in the art of making cutting tools had before him the Peterson, Larson, and Ericson devices, a combination of features of the same, such as has been perfected by the appellant, would not constitute invention, but would be sim-

ply the exercise of the skill of a mechanic.

The decision of the Board of Appeals is affirmed.

Affirmed.